# KENDRIC LAW GROUP P.C.

CHRISTOPHER KENDRIC | PRINCIPAL
(516) 732-4774 DIRECT DIAL

CHRISTOPHER.KENDRIC@KENDRICLAW.COM

March 18, 2021

ELECTRONICALLY

The Chambers of the
 Honorable John P. Cronan, U.S.D.J.
United States District Court
United States District Courthouse
500 Pearl Street
New York, New York 10007

>Re: Fabio Americo Herrera v. Domino's Pizza LLC and David J. Shields
>Case No. 18 Civ. 2996 (JPC)(RWL)
>Our File: 4267.0110

Dear Judge Cronan:

Please recall that this office represents Defendants, Domino's Pizza LLC and David J. Shields, in the referenced action.

I write pursuant to Fed. R. Civ. P. 45(g) to request that the Court issue an Order to Show Cause why Plaintiff's medical expert Robert Haar, M.D. should not be held in civil contempt for failing to comply with a validly-served subpoena, or for such different relief as Your Honor may consider proper.

Plaintiff's counsel Albert Kim (and his predecessor) and I have been trying in vain to get Dr. Haar to appear for a non-party deposition since September of 2019.

When it became clear that Dr. Haar would not come in voluntarily, the undersigned had him served with a subpoena ad testificandum on December 4, 2020 along with the appropriate fee. [1]

On December 7, I called Dr. Haar's office manager Rasheeda Sanchez – copied hereon – to follow up and work out a final date. The date specified on the subpoena apparently conflicted with Dr. Haar's surgical schedule. She claimed to have not yet received the subpoena. [2]

On December 16, I e-mailed Ms. Sanchez to follow up for a date, and provided her with a copy of the subpoena served. [3]

---

[1] Subpoena Ad Testificandum, with Proof of Service, attached as Ex. A
[2] December 7, 2020 e-mail exchange, attached as Ex. B.
[3] December 16, 2020 e-mail with transmittal confirmation, attached as Ex. C.

On December 28, I e-mailed Ms. Sanchez to follow up for a date for the deposition.[4]

On January 12, 2021, I called and left a message for Ms. Sanchez, and also sent her an e-mail following up for a date.[5]

On January 13, it looked like maybe we were finally making some headway. Ms. Sanchez e-mailed me, asking what dates and times we were considering. I responded and attempted to confirm our previous discussion, that Dr. Haar's fee would be $600 per hour.[6] She responded that Dr. Haar was unwilling to accept an hourly fee, and that he would instead be charging us a flat $5,000 payable in advance. I needed to have my client's authorization before agreeing to this fee.

On January 19, I e-mailed Ms. Sanchez to follow up for a date.[7]

On January 22, I e-mailed Ms. Sanchez to follow up for a date.[8]

On February 4, I e-mailed Ms. Sanchez to follow up for a date.[9]

On February 17, I spoke with Ms. Sanchez two or possibly three times and seemed to hammer out all details. I bent to every one of Dr. Haar's demands even though it was clear he was making this as difficult as possible as a deterrent to our taking his deposition.

We would conduct the deposition in office so that he would not be inconvenienced. We would have an afternoon start time as he requested. I agreed to pay his abusive fee and to overnight it to him in advance – as opposed to just handing him the check right before we got started as I have done it with countless physicians and other experts over the past 31 years. I told Ms. Sanchez that it was absurd to think that I would waste my time and the time of another attorney, and arrange for and pay for a court reporter to be present, and then not pay Dr. Haar what I had agreed to pay him. Sorry, she replied. Office policy.

These discussions were confirmed by e-mail on February 18.[10]

On February 23, I did overnight Dr. Haar his check. The cover letter was e-mailed to Ms. Sanchez as well. Per Federal Express, the cover letter and check were delivered on February 24 at 2:25 p.m. to the doorman in the Package Room of Dr. Haar's building, 1735 York Avenue in Manhattan, Suite 31-H.[11]

On March 2, one day before the deposition, I sent a reminder e-mail to Ms. Sanchez and to Mr. Kim.[12]

A short time later, Mr. Kim called me, advising that had called Ms. Sanchez, and that the deposition was not going forward.

---

[4] December 28, 2020 e-mail with transmittal confirmation, attached as Ex. D.
[5] January 12, 2021 e-mail with transmittal confirmation, attached as Ex. E.
[6] January 13, 2021 e-mail exchange, attached as Ex. F.
[7] January 19, 2021 e-mail exchange, attached as Ex. G.
[8] January 22, 2021 e-mail with transmittal confirmation, attached as Ex. H.
[9] February 4, 2021 e-mail with transmittal confirmation, attached as Ex. I.
[10] February 18, 2021 e-mail with transmittal confirmation, attached as Ex. J.
[11] February 23, 2021 letter with Federal Express delivery confirmation, attached as Ex. K.
[12] March 2, 2021 e-mail with transmittal confirmation, attached as Ex. L.

Mr. Kim memorialized that conversation in his March 4, 2021 letter to Your Honor:

> On March 2, 2021, at approximately 12:30 p.m., I called Dr. Haar's office to verify that his deposition would proceed on March 3, 2021 as scheduled. At that time, I spoke with Ms. Rasheeda Sanchez who claimed that (1) she was "unaware" of this deposition and same was purportedly "never confirmed", (2) she claimed to have never received the check, and (3) that Dr. Haar had "twenty" surgeries scheduled for March 3, 2021. I informed Ms. Sanchez that Dr. Haar's deposition was necessary, particularly given the fact that he had previously been served with a federal subpoena to appear. Ms. Sanchez then became very animated and began raising her voice and screamed that "it's not fair" and that "there are twenty surgeries already scheduled" so the deposition was "not happening".[13]

On the afternoon of March 2, Mr. Kim also e-mailed Ms. Sanchez directly, which advised, "<u>As I told you over the phone earlier today, the assigned federal judge in this matter may very well likely hold Dr. Haar in contempt for failing to comply with the attached federal subpoena</u>."

That same e-mail concluded, "Chris and I have tried to work with your office to schedule this deposition for quite some time. Please advise us when you are able to 'confirm' the deposition of Dr. Haar in this matter. We need a specific date, time and location."[14]

That was two weeks ago, and Dr. Haar's office has made absolutely no effort to reschedule. It cannot be – given the foregoing – that Dr. Haar does not understand the gravity of the situation. My suspicion is that he does not particularly care. As told to me by Ms. Sanchez, he is only in the office a few days each month. I am forced to conclude that he does not have time to comply with a pesky federal court subpoena.

One more point bears mentioning. Back on November 19, 2019, Mr. Kim's colleague Howard R. Cohen, Esq. and I appeared at Dr. Haar's office – with a court reporter in tow – for Dr. Haar's non-party deposition. This deposition had been arranged by Plaintiff's counsel in advance and confirmed by their deposition clerk one day prior. After an extended wait, we were turned away because Dr. Haar's front desk receptionist stated they were unaware of the deposition and did not have it scheduled.

Dr. Haar was served with a subpoena to appear. This was the equivalent of a court order. A subpoena signed by defense counsel, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice. Valid attorney-issued subpoenas operate as enforceable mandates of the court on whose behalf they are served. *Matter of the Application of The Kingdom of Morocco*, Misc. Case

---

[13] Letter of Albert Kim, Esq. dated March 4, 2021 (ECF No. 53), attached as Ex. M, p.2.
[14] E-mail of Albert Kim, Esq., dated March 2, 201, attached as Ex. N.

No. M8-85, 2009 WL 1059786, at fn. 4 (S.D.N.Y. April 16, 2009); *Anderson v. City of New York*, No. 06 Civ. 5363 (KAM)(VVP), 2009 WL 3731973, at *1 (E.D.N.Y. Nov. 6, 2009); *Beruashvili v. Hobart Corp.*, No. 05 Civ. 1646 (ENV)(MDO), 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006).

According to Rule 45(g), any person who, having been served, fails without adequate excuse to obey the subpoena, exposes himself or herself to being held in contempt. *PaineWebber Inc. v. Acstar Insurance Company*, 211 F.R.D. 247 (S.D.N.Y. Nov. 27, 2002); *Diamond v. Simon*, 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994); *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991).

The cut-off date for expert discovery – already extended multiple times – is currently April 19, 2021.

Mr. Kim has been consulted regarding this application and does not oppose same. He will write separately to briefly state his position.

Thank you for your kind consideration.

Respectfully yours,

Christopher Kendric

Enclosures

cc: (electronically, with enclosures)
ECF Clerk
Clerk of the Court
United States District Courthouse
500 Pearl Street
New York, New York 10007

Albert Kim, Esq.
William Schwitzer & Associates, P.C.
820 Second Avenue, 10th Floor
New York, New York 10017

cc: (via e-mail, with enclosures)
Rasheeda Sanchez
 Practice Manager/Surgical Coordinator
Haar Orthopedics & Sports Medicine, P.C.
1735 York Avenue, Suite #P1
New York, New York 10128