# William Schwitzer & Associates, P.C.
ATTORNEYS AT LAW
(Formerly known as Dinkes & Schwitzer, P.C.)

820 Second Avenue • New York, N.Y. 10017
Tel. 212/685-7800 • Fax 212/685-2356

379 SMITH ROAD
LAKE RONKONKOMA, N.Y. 11779

10 BEST 2017-2020
CLIENT SATISFACTION
American Institute of
Personal Injury Attorneys™

WILLIAM SCHWITZER

BETH M. DIAMOND
JOHN C. MERLINO
MARC R. MAUSER

JONATHAN H. NOBLE
HOWARD R. COHEN
ALBERT K. KIM
FRANK R. PUMAREJO-MARTIN
MICHAEL KRIGSFELD
PAMELA HARINSTEIN
RORY M. SHECTMAN
CHRISTINE DUCHATELLIER
DAVID A. ZACHARY
MICHAEL W. MAHAN
CHRISTOPHER W. DRAKE

March 18, 2021

<u>Via ECF</u>
Honorable Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, New York 10007

   RE: Fabio Americo Herrera vs. Domino's Pizza LLC and David J. Shields
      Docket No.: 18-CV-2996 (JPC)
      Our File No.: SRY17-023
      **RESPONSE TO DEFENDANTS' MOTION TO COMPEL**

Dear Honorable Judge John P. Cronan,

  The undersigned represents the Plaintiff in the above-referenced lawsuit for money damages in which Plaintiff alleges serious and personal injuries sustained by the Plaintiff as a result of a motor vehicle accident that occurred on July 26, 2017. The Plaintiff initiated the instant lawsuit by filing a Summons and Verified Complaint with the Supreme Court of the State of New York, County of Bronx, under Index No. 21354/2018E. Subsequently thereafter, Defendants removed this action to this Court on or about April 5, 2018.

  Please allow this correspondence to serve as Plaintiff's response to the pending letter motion of the Defendants that was filed earlier today. Plaintiff does not oppose the Defendants' motion to the extent that same seeks to compel the deposition of Plaintiff's expert (who is also his treating physician and surgeon).

  It is Plaintiff's position that Plaintiff should not be sanctioned, penalized, or precluded in any manner. Plaintiff's counsel attempted to schedule the deposition of Dr. Robert Haar on multiple occasions without success (as indicated in Mr. Kendrick's papers). Furthermore, Plaintiff and his counsel did not impede or obstruct the deposition of Dr. Haar in any manner and, instead, cooperated with all parties to schedule same.

  As such, and in light of the foregoing, the Plaintiff will respectfully request that this Court (1) not issue an Order precluding Dr. Haar's testimony or other sanction or penalty upon the Plaintiff as the Plaintiff has acted in good faith in attempting to schedule and conduct the deposition

of Dr. Haar, and (2) enter into an Order compelling and directing Dr. Haar to appear and give testimony both at a deposition and at the time of trial.

      The Plaintiff thanks this Court for its attention to this matter.

Respectfully submitted,

/S/ Albert K. Kim
Albert K. Kim

CC:

*Christopher Kendric, Esq. (via ECF)*